UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEONARD F. WRIGHT,

                                 Petitioner,

                                                                            9:12-CV-01861

v.

                                                                            (GLS/TWD)

SUPERINTENDENT,

                                 Respondent.
_____

APPEARANCES:                                         OF COUNSEL:

LEONARD F. WRIGHT
07-B-1667
Petitioner pro se
Coxsackie Correctional Facility
P.O. Box 000
Coxsackie, New York 12051

HON. ERIC T. SCHNEIDERMAN
Attorney General for the State of New York       PAUL B. LYONS, ESQ.
Counsel for Respondent                              Assistant Attorneys General
120 Broadway
New York, New York 10271


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER

       On October 23, 2012, Petitioner Leonard F. Wright ("Wright"), an inmate in the custody of New York State Department of Corrections and Community Supervision ("DOCCS") presently housed in Coxsackie Correctional Institution, filed a petition for a writ of habeas corpus in the Northern District of New York. (Dkt. No. 1). On April 24, 2013, Wright filed a motion for issuance of a judicial subpoena directed at Respondent for the production of Wright's records for the mental health treatment he has received from the New York State Office of Mental Health

("OMH") through the Central New York Psychiatric Center ("CNYPC") and DOCCS during his incarceration. (Dkt. No. 16.) The request for the records was made by Wright for the purpose of opposing Respondent's request for dismissal of Wright's habeas petition on statute of limitations grounds. *Id.*

On March 7, 2016, the Court issued a Text Order directing Respondent to provide the Court with copies of Wright's mental health records for consideration on Wright's argument that the statute of limitations on his habeas petition should be equitably tolled because his mental illness prevented him from filing in a timely manner. (Dkt. No. 26.) On June 23, 2016, Respondent's counsel informed the Court that OMH officials had advised him that in order to obtain Petitioner's mental health records, Respondent would be required to submit either: (1) an OMH release form signed by Petitioner; or a court order pursuant to New York Mental Hygiene Law § 33.13(c)(1) "requiring disclosure upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality." N.Y. Mental Hyg. Law § 33.13(c)(1) (McKinney 2016).

The Court hereby finds that the interests of justice, i.e., the availability of Wright's mental health records for consideration by the Court in connection with Wright's argument that the statute of limitations on his habeas petition should be equitably tolled, significantly outweigh the need for confidentiality in this matter, and orders the OMH to provide Respondent with copies of Petitioner's mental health treatment records. The Court further finds that the period for which records are to be produced begins on March 10, 2010, the date the statute of limitations began to run under the AEDAP, through October 23, 2012, the date on which Wright filed his habeas petition.

**WHEREFORE**, it is hereby

**ORDERED** that OMH provide Respondent with copies of Petitioner Wright's mental health treatment records covering any and all mental health services provided to Wright at the Central New York Psychiatric Center and DOCCS correctional facilities, for the period beginning on March 10, 2010, through October 23, 2012; and it is further

**ORDERED** that Respondent serve a copy of this Order on OMH by mail within five (5) days of filing; and it is further

**ORDERED** that OMH provides Respondent with copies of the records ordered herein within thirty (30) days of receipt of a copy of this Order; and it is further

**ORDERED** that the Clerk mail a copy of this Order to Petitioner.

**IT IS SO ORDERED**.

Dated: June 28, 2016
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge